---
**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GERALD W. STATON, | No. CV 08-1117-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| INDIANA ADULT PROTECTIVE SERVICES; THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; THE U.S. DEPARTMENT OF JUSTICE; THE U.S. POSTAL INSPECTION SERVICE; THE INDIANA STATE COURT OF APPEALS; AND THE WHITE COUNTY CIRCUIT COURT, | |
| Defendants. | |

Currently pending before the court is the Indiana Defendants' Motion to Dismiss filed by the Indiana Adult Protective Services ("Indiana APS"), the Indiana Court of Appeals ("Indiana COA"), and White County Circuit Court ("WCCC"). (Dkt. #9). Also pending before the court is Motion to Dismiss Federal Defendants filed by the United States Department of Health and Human Services ("HHS"), United States Department of Justice ("DOJ"), and the United States Postal Inspection Service ("USPIS"). (Dkt. #17). The Indiana Defendants' motion seeks to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3) and (6), while the Federal Defendants' motion only seeks

dismissal under the Federal Rules of Civil Procedure Rules 12(b)(1) and (6). (Dkt. #9, Dkt. #17). Also pending before the court are Plaintiff's motions: Motion to take Judicial Notice and Presumptions of Fact (Dkt. #12), Motion for Order Independent Mental Examination and Notice Thereof (Dkt. #13), Motion to Expedite Ruling on Dkt. #13 Motion to Order an Independent Mental Examination of Michael Lewitz (Dkt. #21), Motion to Order Pretrial Scheduling Conference (Dkt. #22), Motion for Further Judicial Notice and Presumptions of Fact (Dkt. #26), Motion for Judicial Review, Notice of Ex Parte Communications, and Motion for Sanctions (Dkt. #34), Motion for Joinder of Parties (Dkt. #36), Motion for Authorization and Payment for Investigative, Expert, or Other Services (Dkt. #38), Motion for Authorization and Payment for Investigative, Expert, or Other Services re: jury selection expert and economist/damages expert (Dkt. #39), Motion for Joinder of Parties (Dkt. #40), and Motion to Perpetuate Testimony (Dkt. #44), and Motion for Leave of Court to Submit Book as Evidence and to Perpetuate Testimony (Dkt.#45). After reviewing the pleadings and determining that oral argument is unnecessary, the court issues the following order.

**I. FACTUAL BACKGROUND**

Plaintiff Gerald W. Staton, an Arizona resident, brought this complaint pro se on June 16, 2008. In his complaint, Plaintiff expresses concern regarding the mental well being of his acquaintance, Michael Lewitz, and describes Plaintiff's alleged efforts to assist Lewitz. Lewitz formerly lived in Arizona but now resides in Indiana with Donald C. Lay, Jr., whom Plaintiff describes as a "practicing Scientologist." (Dkt. #1, p.1-4). Although portions of Plaintiff's complaint are somewhat confusing, it appears as though Plaintiff is concerned that Lewitz is being improperly influenced by Lay and the Church of Scientology. This long-standing dispute arises out of various papers, correspondence, and complaints Plaintiff allegedly sent to Indiana APS, the USPIS, the DOJ, and HHS regarding his requests to investigate and warn the American public about the Church of Scientology, to investigate an alleged obstruction of correspondence by Lay, to investigate various government officials, and to investigate the alleged adult endangerment of Lewitz by Lay. Plaintiff's complaints were seemingly not resolved to his satisfaction, as he asks this court to overrule discretionary

decisions of these state and federal agencies. Plaintiff first filed suit in Indiana state court in 2007 and lost. (Dkt. #10 at 2). Plaintiff then filed the instant case, where he is essentially attempting to relitigate his prior state suit, while also asking the court to overrule the decisions of the Indiana state courts. Plaintiff alleges that the Indiana court's order was void on constitutional grounds and that one of the judges presiding over his case was a Scientologist. (Dkt. #1).

The defendants in the instant suit have positioned themselves into two groups: the Federal Defendants (which include HHS, the USPIS, and the DOJ) and the Indiana Defendants (Indiana APS, Indiana COA, and WCCC). Plaintiff has three causes of action against the Federal Defendants and a fourth against the Indiana Defendants.

The first cause of action against the Department of Health and Human Services requests a declaratory judgment that the Church of Scientology's practices are a threat to the mental health of the American public. Plaintiff also requests a writ mandating that HHS reply to and grant the demands in his complaint, which he allegedly submitted on May 3, 2008. Id. at 12-13.

Plaintiff's second cause of action is against the United States Postal Inspection Service, which requests a declaration that Lay violated 18 U.S.C. § 1702 (Obstruction of Correspondence). Plaintiff further requests that the court issue a writ mandating that the USPIS change certain definitions under the statute, enforce the statute in this case, and investigate various complaints that Plaintiff filed. Id. at 13-14.

In his third cause of action, which is brought against the Department of Justice, Plaintiff requests a writ mandating that the department investigate civil rights violations allegedly committed by state and federal officials, as well as the alleged "psychological kidnapping" of Lewitz by Lay. Id. at 14-15.

Plaintiff's fourth cause of action is against all three Indiana Defendants – Indiana APS, the Indiana COA, and the WCCC. This claim seeks a declaration that the Indiana Court of Appeals is illegally holding pro se litigants to the same standard as attorneys and that it has been violating the Americans with Disabilities Act by not making proper

- 3 -

1  accommodations for pro se litigants. Id. at 16. Plaintiff also alleges that he was wrongfully
2  denied the right to present exculpatory evidence and requests a writ mandating that the White
3  County Circuit Court "correct its prejudicial error" and order a mental evaluation of Lewitz.
4  Id. at 18.

## II. STANDARD OF REVIEW

"Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003). Although failure to "set forth clear and particularized jurisdictional allegations is not fatal" to a pro se litigant's case, Sears v. E.E.O.C., 1987 WL 15547 at *1 (D.D.C. 1987), federal courts will not interpret the complaint to provide jurisdiction if there is none. Id.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Here, Plaintiff also has the burden of establishing personal jurisdiction over Indiana Defendants. Cubbage v. Merchent, 744 F.2d 665, 557 (9th Cir. 1984), cert. denied, 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985). Under Fed.R.Civ.P. 12(b)(2), Plaintiff must make a *prima facie* showing of facts that, if true, would establish personal jurisdiction. Doe v. Unocal Corp., 248 F.3d 915, 921-922 (9th Cir. 2001). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

## III. DISCUSSION

### A. Indiana Defendants

#### 1. Subject Matter Jurisdiction: *Rooker-Feldman* Doctrine

The Indiana Defendants argue that this court should dismiss the instant complaint for want of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. Plaintiff responds by arguing that "Indiana Defendants' Counsel's invocation of this doctrine suggests a complete misunderstanding of the nature and necessity of this action." (Dkt. #15, p.6).

28 U.S.C. § 1257(a) provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme

- 4 -

1 Court by writ of certiorari..." As such, lower federal courts do not generally have the power
2 to pass over the judgments of state courts since this power has been exclusively reserved for
3 the United States Supreme Court. The *Rooker-Feldman* doctrine therefore prevents the lower
4 federal courts from exercising jurisdiction over cases brought by "state-court losers"
5 challenging "state-court judgments rendered before the district court proceedings
6 commenced." Lance v. Dennis, 546 U.S. 459, 126 S.Ct. 1198 (2006) (citing Exxon Mobil
7 Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454
8 (2005)). "A federal district court dealing with a suit that is, in part, a forbidden de facto
9 appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. . .
10 . [I]t must also refuse to decide any issue raised in the suit that is "inextricably intertwined"
11 with an issue resolved by the state court in its judicial decision." Noel v. Hall, 341 F.3d
12 1148, 1158 (9th Cir. 2003).

13 In the instant case, Plaintiff requests declaratory, injunctive, and mandamus relief
14 against the Indiana Defendants, as well as damages. (Dkt. #1, p.15-18). His complaint seeks
15 precisely what the *Rooker-Feldman* doctrine bars. Plaintiff alleges unlawful treatment as a
16 pro se litigant by the Indiana COA, violation of equal protection under the 14th Amendment
17 to the United States Constitution, prejudicial error in not heeding his request that the WCCC
18 order that Lewitz undergo an independent mental evaluation, and evidentiary error in not
19 allowing Plaintiff to present exculpatory evidence. (Dkt. #1). As the Indiana Defendants
20 note, the liability that Plaintiff asserts derives from the purported invalidity of the Indiana
21 state court judgments. (Dkt. #10, p.8). Plaintiff does not dispute this. Therefore, since
22 *Rooker-Feldman* prohibits lower federal courts such as this from reviewing state judgments
23 to determine the validity of the previous decision, this court does not have jurisdiction over
24 these matters.

25 **2. Judicial Immunity**

26 Notwithstanding the *Rooker-Feldman* doctrine, the court finds that the Indiana state
27 judicial defendants are entitled to the defense of absolute judicial immunity. It is well-settled
28 that judges acting in a judicial capacity are immune from suit. Stemp v. Sparkman, 435 U.S.

1   349, 98 S.Ct 1099, 6. L. Ed. 2d 331 (1978); see Forrester v. White, 484 U.S. 219, 108 S.Ct.
2   538, 98 L. Ed. 2d 555 (1988).  The only exceptions are when a judge's acts are not taken in
3   the judge's judicial capacity or were taken in a clear absence of all jurisdiction.  Mireles v.
4   Waco, 502 U.S. 9, 112 S.Ct. 286, 288, 116 L. Ed. 2d 9 (1991).  Judicial immunity is not
5   overcome by allegations that the act is illegal, unauthorized, motivated by bad faith or
6   malice.  Here, the judicial acts Plaintiff complains of arose from acts taken within judicial
7   capacity and are therefore immune from suit.

### 3. Personal Jurisdiction

9   While the court finds that Plaintiff's complaint should be dismissed for lack of subject
10  matter jurisdiction, it also notes that there is no personal jurisdiction over the Indiana
11  Defendants.  "Where a defendant moves to dismiss a complaint for lack of personal
12  jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."
13  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004) (citing Sher v.
14  Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).  If the motion is not based on an evidentiary
15  hearing, plaintiff must merely make a prima facie showing of jurisdiction.  Id.

16  Fed. R. Civ. P. 4(k)(1)(A) provides that where there is no applicable federal statute
17  governing personal jurisdiction, a district court shall apply the law of the state in which it
18  sits.  Ariz. R. Civ. P. 4.2(a) states that Arizona's long-arm jurisdiction may be exercised "to
19  the maximum extent permitted by the Constitution of this state and the Constitution of the
20  United States."  "Because Arizona's long-arm personal jurisdiction extends "to the maximum
21  extent permitted by the Due Process Clause, '[t]he jurisdictional issue . . . hinges on federal
22  law.'"  Williams v. Lakeview Co., 13 P.3d 280, 282 (Ariz. 2000) (citing Uberti v. Leonardo,
23  181 Ariz. 565, 569, 892 P.2d 1354, 1358 (1995)).

24  Under the Due Process Clause of the 14th Amendment to the United States
25  Constitution, defendants may be brought into courts of foreign jurisdiction only if the
26  defendants have had minimum contacts with the jurisdiction so that the defendant may
27  "reasonably anticipate being haled into court there."  Burger King Corp. v. Rudzewicz, 471
28  U.S. 562, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985)  (quoting World Wide

1  Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 568, 62 L. Ed. 2d 490
2  (1980)).  A defendant's purposeful direction of his activities at residents of the forum
3  jurisdiction may subject him to the jurisdiction of the foreign forum, but attenuated contacts
4  will not be enough.  Burger King, 471 U.S. at 472, 475.  Fair play and substantial justice
5  must be considered in a court's decision regarding personal jurisdiction.  Id.  (citing
6  International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L. Ed. 95 (1945)).

7  The Ninth Circuit's three-factor test determines "when a state may constitutionally
8  exercise specific jurisdiction over a defendant: (1) the nonresident defendant must do some
9  act or consummate some transaction with the forum state or perform some act by which it
10 purposefully avails itself of the privilege of conducting activities in the forum state, thereby
11 invoking the benefits and protections of its laws; (2) the claim must arise out of or result from
12 the defendant's forum-related activity; and/or (3) the exercise of jurisdiction must be
13 reasonable." Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1188-89 (9th Cir.
14 2002) (footnote omitted).  In the instant case, none of these factors permit this court to
15 exercise personal jurisdiction over any of the Indiana Defendants, as Plaintiff has made no
16 allegation of any Indiana Defendant performing any act whatsoever in the state of Arizona,
17 let alone an act that would be enough to trigger personal jurisdiction under Arizona law.
18 None of Plaintiff's claims arise out of any Indiana defendant's forum-related activity, and
19 there is no scenario in which the exercise of jurisdiction would be reasonable.

20 For the aforementioned reasons, this court does not have personal jurisdiction over
21 any of the Indiana defendants.

22 **B. Federal Defendants**

23 **1. Subject Matter Jurisdiction and Sovereign Immunity**

24 *a. United States Postal Inspection Service*

25 The Postal Reorganization Act expressly excludes judicial review of actions taken by
26 the Postal Service pursuant to the Administrative Procedures Act. 39 U.S.C. § 410(a). Pitney
27 Bowes, Inc. v. U.S. Postal Service, 27 F.Supp.2d 15, 21 (D.D.C. 1998) ("On its face, then,
28 the language of the statute is clear.  No Federal law, including the APA, shall apply to the

- 7 -

Postal Service's exercise of power."). This is because the legislative purpose behind the Postal Reorganization Act was to allow postal management the "'unfettered authority and freedom it has been denied for years to maintain and operate an efficient service.' Sen.Rep. No. 912, 91st Cong., 2d Sess. 2 (1970)." Tedesco v. U.S. Postal Service, 553 F.Supp. 1387, 1390 (W.D. Pa. 1983). Judicial review "would [therefore] be contrary to the legislative intent to give postal management the discretion and autonomy to make decisions without excessive constraints." Id. at 1390. Although some provisions of the Postal Reorganization Act do provide federal district courts with general jurisdiction over Postal Service cases, "they do not purport to create a cause of action out of their own force. Unless the plaintiffs can direct us to a statute or regulation creating the right they seek to enforce, we have no jurisdiction over the subject matter of their dispute with the Postal Service." Id. at 1388.

In the instant case, Plaintiff has not directed this court to a statute that would provide him with a cause of action to compel the Postal Investigation Service to further investigate his allegations. While Plaintiff mentions 18 U.S.C. 1702, a statute regarding the obstruction of correspondence, standing alone, that statute does not give Plaintiff a cause of action, nor does it allow this court to compel the Postal Inspection Service to investigate his reports.[1]

### *b. Department of Health and Human Services*

Similarly, the Department of Health and Human Services argues that its decision whether to warn the public about an alleged health danger connected to a religion is precisely the type of agency action that is committed to agency discretion for which there is no law to apply. See, e.g. Nelson v. Andrus, 591 F.2d 1265, 1266 (9th Cir. 1978) (Secretary of Interior's classification of suitable lands not subject to judicial review); Moses v. Kennedy, 219 F.Supp. 762, 764-66 (D.D.C) (declaratory and mandamus relief not available to compel civil rights investigation or prosecution). Plaintiff has not cited to an otherwise applicable

---

[1] In their "Reply in Support of Motion to Dismiss Federal Defendants," the Federal Defendants point out that although Plaintiff alleges that correspondence he sent to Lewitz was returned by Lay without Lewitz's approval, "at least one of the letters provided by the Plaintiff to the Postal Inspector purports to be signed by both [Lay and Lewitz] demanding that Plaintiff stop mailing letters to them." (Dkt. #33, p.2).

- 8 -

1  law that would provide him a cause of action against HHS. Plaintiff claims that because he
2  filed a citizen petition with the HHS under 5 U.S.C. § 553, he may proceed under that statute.
3  This court finds that this statute is not on point and does not create a cause of action. While
4  Plaintiff also cites 42 U.S.C. § 1081, as Defendants point out, no such statute exists. (Dkt.
5  #1, p.13). Because neither of the cited statutes provide Plaintiff with a valid cause of action,
6  and because decisions by the Department of Health and Human Services to issue health
7  warnings are committed to agency discretion as a matter of law, this court does not have
8  jurisdiction over Plaintiff's suit against HHS.

9  *c. United States Department of Justice*

10  The United States Department of Justice argues that it has not waived sovereign
11  immunity, because, like the Department of Health and Human Services, the Department of
12  Justice has agency discretion in determining which complaints to investigate and cannot be
13  compelled to do so by a private citizen. Furthermore, Plaintiff again cites no contrary
14  authority or another statute that might create a cause of action against the Department of
15  Justice. As such, the court does not have jurisdiction over the DOJ.

16  Lastly, the court notes that both groups of defendants raised arguments that were not
17  addressed in this order. These include the Indiana Defendants' arguments of improper venue,
18  the question of defendants as "persons," and failure to state a claim, and the Federal
19  Defendants' arguments as to lack of standing and failure to state a claim. Because
20  jurisdiction is so clearly lacking, the court does not find it necessary to discuss these issues.
21  In reviewing both the Federal and Indiana Defendants' arguments that Plaintiff failed to state
22  a claim upon which relief may be granted, that Plaintiff lacked standing, and that the venue
23  of this action was improper, the court finds these arguments well-founded and would support
24  dismissal.

25  **Accordingly,**

26  **IT IS HEREBY ORDERED** that the Indiana Defendants' Motion to Dismiss
27  (Dkt.# 9) is GRANTED. The case is dismissed without prejudice.
28  / / /

- 9 -

1	**IT IS HEREBY ORDERED** that the Federal Defendants' Motion to Dismiss
2	(Dkt.# 17) is GRANTED. The case is dismissed without prejudice.
3	**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judicial Notice and
4	Presumptions of Fact (Dkt.# 12) is DENIED as moot.
5	**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Independent
6	Mental Examination and Notice Thereof (Dkt.# 13) is DENIED as moot.
7	**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Ruling on Dkt.
8	#13 Motion to Order an Independent Mental Examination of Michael Lewitz (Dkt.# 21) is
9	DENIED as moot.
10	**IT IS FURTHER ORDERED** that Plaintiff's Motion to Order Pretrial Scheduling
11	Conference (Dkt.# 22) is DENIED as moot.
12	**IT IS FURTHER ORDERED** that Plaintiff's Motion for Further Judicial Notice
13	and Presumptions of Fact (Dkt.# 26) is DENIED as moot.
14	**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judicial Review, Notice
15	of Ex Parte Communications, and Motion for Sanctions (Dkt.# 34) is DENIED as moot.
16	**IT IS FURTHER ORDERED** that Plaintiff's Motion for Joinder of Parties (Dkt.#
17	36) is DENIED as moot.
18	**IT IS FURTHER ORDERED** that Plaintiff's Motion for Authorization and
19	Payment for Investigative, Expert, or Other Services (Dkt.# 38) is DENIED as moot.
20	**IT IS FURTHER ORDERED** that Plaintiff's Motion for Authorization and
21	Payment for Investigative, Expert, or Other Services re: jury selection expert and
22	economist/damages expert (Dkt.# 39) is DENIED as moot.
23	**IT IS FURTHER ORDERED** that Plaintiff's Motion for Joinder of Parties (Dkt.#
24	40) is DENIED as moot.
25	**IT IS FURTHER ORDERED** that Plaintiff's Motion to Perpetuate Testimony
26	(Dkt.# 44) is DENIED as moot.
27	**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to
28	Submit Book as Evidence and to Perpetuate Testimony (Dkt.#45) is DENIED as moot.

1      **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter Judgment
2  accordingly.
3      DATED this 26th day of March, 2009.

_____
Mary H. Murguia
United States District Judge